## First National Bank of Philadelphia v. Gehringer

*Robert N. St. Mary*, for plaintiff.

*Harry P. Creveling*, for defendant.

HENNINGER, P. J., July 9, 1956.—On September 9, 1954, plaintiff entered judgment against defendants on a judgment note for $1,256.76, dated June 16, 1954, and given by defendants to Excel Products, Inc., payable in 36 monthly installments of $34.91 each. The note was endorsed in blank and without date by Excel Products, Inc., with an endorsement guaranteed by plaintiff on September 2, 1954. Upon entry of judgment, W. S. Germer, assistant cashier for plaintiff bank, filed his affidavit to the effect that plaintiff is assignee of the note and that a default occurred on July 16, 1954, whereby the entire principal became due and payable.

On October 15, 1954, defendants moved to open judgment, pleading that the note was given for awnings installed at defendants' home and that the awnings were unsatisfactory in quality and installation. Plaintiffs answered claiming to be a holder of the note in due course and that the awnings were satisfactory in every respect. In their answer to the rule to open plaintiff answered "admitted" to defendants' third paragraph which read: "That the payee of said judgment note was Excel Products, Inc., who, on or about the 9th day of September, 1954, assigned said note to The First National Bank of Philadelphia."

The case lay dormant until February 4, 1956, when plaintiff placed it upon an argument list for February 20, 1956, at which time it was continued to March 12, 1956. On March 26, 1956, plaintiff moved to amend its third paragraph to state that the note had been assigned to it for value on or about June 16, 1954, rather than on September 9, 1954. The obvious purpose of the amendment is to place the assignment before rather than after maturity to avoid any de-

fense defendants may have against the original payee.

There is no doubt about our authority to permit the amendment: Pa. R. C. P. 1033; and under normal circumstances we would not hesitate to do so.

We also recognize the value to society of the principle of negotiability of commercial paper. This principle, however, has been distorted when it is used as it has been in countless recent cases as a cloak to protect a high pressure concern from the promises of its agents and the carelessness of its employes.

There is nothing in the original note or in the affidavit of ownership and default to indicate when the assignment took place and now after two years, defendants would be faced with the necessity not only of proving their defense against the payee but they would have to defend against plaintiff's books as well, in which an adversary is ordinarily at a complete loss.

To deny plaintiff's proposed amendment, may deprive it of a technical advantage afforded to the holder of commercial paper; to permit it, might rob defendants of a defense they ought to have the right to present. Under the circumstances, we lean toward an exercise of our discretion that will protect defendants. If it turns out that defendants ought to pay the note, plaintiff will have lost nothing.

We point out, however, that it behooves defendants to move promptly to establish by depositions, the facts upon which they rely to open the judgment. The application to open is equitable and equity does not aid the slothful. Unless defendants act promptly they risk the discharge of their rule for lack of prosecution.

Now, July 9, 1956, plaintiff's motion to amend its answer to the petition to open above judgment is denied and it is ordered that defendants proceed within 60 days to establish by deposition the facts upon which they rely to open said judgment.